# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:02CR00080 |
| v. ) | **OPINION SETTING FORTH** |
| ) | **REASONS FOR SENTENCE** |
| RICK BARTON, SR., ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; A. Benton Chafin, Jr., Lebanon, Virginia, for Defendant.*

For the reasons set forth in this opinion, I find it appropriate to sentence the defendant to a sentence below the advisory guideline range.

The defendant, Rick Barton, Sr., was convicted by a jury in this court of conspiracy to possess with intent to distribute and distribution of oxycodone (Count One); 21 U.S.C.A. § 846 (West 1999); possession with intent to distribute and distribution of oxycodone (Count Two), 21 U.S.C.A. § 841(a)(1) (West 1999); and four counts of possession of a firearm in furtherance of a drug trafficking offense (Counts Three through Six), 18 U.S.C.A.§ 924(c) (West 2000 & Supp. 2006). He was sentenced on November 10, 2003, to a total term of 1,170 months in prison. The sentence was computed as follows: 210 months for Counts One and Two, to run

concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six.

Barton noted a timely appeal, and the court of appeals affirmed the convictions and sentence. *United States v. Barton*, 116 F. App'x 460, 464 (4th Cir. 2004) (unpublished). On certiorari, the Supreme Court vacated and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Barton v. United States*, 126 S. Ct. 39 (2005).

The court of appeals then re-affirmed Barton's convictions, but vacated his sentence and remanded to this court for re-sentencing on the basis of *Booker*. *United States v. Barton,* No. 03-4896, 2006 WL 1194399, at *2 (4th Cir. May 3, 2006) (unpublished).

I will now sentenced the defendant to a total term of 1,020 months, consisting of 60 months for Counts One and Two, to run concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six. Because the imprisonment range under the Sentencing Guidelines for Counts One and Two is 210 to 262 months, I set forth in this opinion my reasons for imposing a sentence outside of the guidelines.[1]

---

[1] I indicated at the sentencing hearing that Counts One and Two required a mandatory minimum sentence of 60 months. That is not correct and there is no mandatory minimum sentence for those counts. However, I find that 60 months is an appropriate sentence for those counts.

- 2 -

Case 1:02-cr-00080-JPJ   Document 87   Filed 08/14/06   Page 2 of 5   Pageid#: 44

While the Sentencing Guidelines are now not mandatory, *Booker*, 543 U.S. at 226-27, I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004). *Id.* at 264. The Fourth Circuit has mandated the following process that a district court in this circuit must follow in order to comply with *Booker*:

> First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law . . . . If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a "variance sentence"). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range.

*United States v. Moreland,* 437 F.3d 424, 432 (4th Cir. 2006) (alterations, internal quotation marks, and citations omitted).

Under § 3553(a), I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a).

In the present case, the guidelines range was correctly determined at the defendant's initial sentencing in 2003. Because Barton has an Offense Level of 34 and a Criminal History Category of IV, Counts One and Two have a guideline range of 210 to 262 months. *U.S. Sentencing Guidelines Manual*, Sentencing Table (2005). The remaining counts require consecutive mandatory sentences. *See* 18 U.S.C.A. § 924(c)(1), (C)(i), (D)(ii).

There is no parole in the federal system. The defendant is 43 years old and even assuming that he receives the maximum allowable time off for good behavior of 15%, the stacked mandatory minimum terms required in this case—80 years—clearly exceed his life span. To add the full additional 210 months as suggested by the Sentencing Guidelines (and thus raise the total term to 97½ years) would be contrary to the goals set forth in § 3553(a). Under these circumstances, a variance from the guideline range is appropriate. *See United States v. Ciszkowski*, 430 F. Supp. 2d 1283, 1289 (M.D. Fla. 2006) (holding that required mandatory minimum sentence under 924(c) is factor to consider in determining whether to impose a guideline sentence on other counts); *United States v. Angelos*, 345 F. Supp. 2d 1227, 1260 (D. Utah 2004) (same), *aff'd*, 433 F.3d 738 (10th Cir. 2006).[2]

---

[2] Judge Cassell, the author of *Angelo*, argues that the Sentencing Guidelines ranges reasonably reflect our society's choices about criminal punishment, but it is the mandatory

- 4 -

The government argues in this case that the additional 210 months would reflect the serious nature of the defendant's conduct. While I fully concur that defendant's criminal activity was egregious, my statutory mandate is to impose a sentence sufficient, "*but not greater than necessary*, to comply with [the] purposes [of § 3553(a)]." 18 U.S.C.A. § 3553(a) (emphasis added). I fail to see how a sentence of 85 years—a virtual life sentence—does not fully reflect the legitimate purposes of punishment.[3]

DATED: August 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

minimums, especially those imposed under § 924(c), that produce excessively-long sentences. *See* Paul G. Cassell, *Too Severe?: A Defense of the Federal Sentencing Guidelines (and a Critique of Federal Mandatory Minimums),* 56 Stan. L. Rev. 1017, 1044-48 (2004).

[3] It may be thought that a lengthy sentence on each count of conviction provides an insurance policy against possible reversal on appeal of other counts. However, it is normally the rule that a sentence is viewed as a whole and where there is a remand for re-sentencing, "the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing." *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999). In any event, 18 U.S.C.A. § 3553(a) does not permit a sentencing court to consider the possible ramifications of appeal in fixing a sentence.