# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00080-001 |
| v. ) | **OPINION AND ORDER** |
| **RICK BARTON, SR.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Rick Barton, Sr., Pro Se Movant.*

The defendant, a federal inmate, has filed a pro se motion seeking a reduction in the sentence imposed by this court. He relies on a provision of the First Step Act of 2018 amending 18 U.S.C. § 924(c)(1)(C) relating to subsequent convictions for the use or possession of a firearm in furtherance of a drug trafficking offense. Because that amendment does not apply retroactively to the defendant's sentence, I will deny his motion.

The defendant, Rick Barton, Sr., was convicted by a jury in this court of conspiracy to possess with intent to distribute and distribution of oxycodone and cocaine (Count One); 21 U.S.C. § 846; possession with intent to distribute and distribution of oxycodone and cocaine (Count Two), 21 U.S.C. § 841(a)(1); and four counts of possession of a firearm in furtherance of a drug trafficking offense (Counts

Three through Six), 18 U.S.C. § 924(c). He was sentenced on November 10, 2003, to a total term of 1,170 months in prison. The sentence was computed as follows: 210 months for Counts One and Two, to run concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six.

Barton noted a timely appeal, and the court of appeals affirmed the convictions and sentence. *United States v. Barton*, 116 F. App'x 460, 464 (4th Cir. 2004) (unpublished). On certiorari, the Supreme Court vacated and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Barton v. United States*, 546 U.S. 802 (2005). The court of appeals then re-affirmed Barton's convictions, but vacated his sentence and remanded to this court for resentencing based on *Booker*. *United States v. Barton,* 178 F. App'x 291, 293 (4th Cir. 2006) (unpublished).

This court resentenced the defendant by judgment entered August 14, 2006, to a total term of 1,020 months, consisting of 60 months for Counts One and Two, to run concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six. Relying on *Booker*, the court varied downward as to Counts One and Two but was required to impose the statutory mandatory minimum consecutive sentences for Counts Three, Four, Five, and Six. *United States v. Barton,* 442 F. Supp. 2d 301 (W.D. Va. 2006)

(stating reasons for sentence), *aff'd.*, 216 F. App'x 355 (4th Cir.) (unpublished), *cert. denied*, 552 U.S. 835 (2007).

Barton's motion concerns the "stacking" of 924(c) convictions. As the Fourth Circuit has recently explained:

> The First Step Act abrogated the Supreme Court's interpretation of § 924(c), expressly stating that a subsequent § 924(c) violation must occur "after a prior conviction under [§ 924(c)] has become final" to qualify for the enhanced mandatory minimum. § 403(a), 132 Stat. at 5222. "Under the First Step Act, in other words, the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020). . . . However, Congress expressly limited the retroactivity of this provision "to any offense that was committed before the date of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." § 403(b), 132 Stat. at 5222.

*United States v. Bond*, 799 F. App'x 209, 210 (4th Cir. 2020) (unpublished).

Accordingly, because Barton's sentence was imposed prior to the enactment of the First Step Act, he is not entitled to a reduction based on the amended statute removing the stacking of § 924(c) convictions in the same prosecution. "Any reduction in criminal penalties will pose difficult line-drawing questions when it comes to retroactivity. Here, Congress decided to extend the more lenient terms of § 403(a) of the First Step Act to some but not all pre-Act offenders, with the date of sentencing in the district court drawing the line between those who are covered and those who are not." *Jordon*, 952 F.3d at 174 (internal quotation marks and citations omitted).

For these reasons, it is **ORDERED** that the Motion for a Reduction in Sentence Pursuant to Section 403 of the First Step Act of 2018, ECF No. 108, is DENIED.

ENTER: May 4, 2020

/s/ JAMES P. JONES
United States District Judge