IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:02CR00080-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| RICK BARTON, SR., | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, a federal inmate sentenced in 2003, seeks immediate release from imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  He relies on two grounds:  (1) that his present health conditions place him a high risk of serious Covid-19 complications; and (2) that his three "stacked" 25-year consecutive sentences under 18 U.S.C. § 924(c), which could not be imposed under today's statute, create an "unjust disparity."  Supp. Mot. 8, ECF No. 117.

I.

Barton was convicted by a jury in this court of conspiracy to possess with intent to distribute and distribution of oxycodone and cocaine, 21 U.S.C. § 846 (Count One); possession with intent to distribute and distribution of oxycodone and

cocaine, 21 U.S.C. § 841(a)(1) (Count Two); and four counts of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (Counts Three through Six). He was sentenced on November 10, 2003, to a total term of 1,170 months (97.5 year) in prison. The sentence was computed as follows: 210 months for Counts One and Two, to run concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six.

Barton noted a timely appeal, and the court of appeals affirmed the convictions and sentence. *United States v. Barton*, 116 F. App'x 460, 464 (4th Cir. 2004) (unpublished). On certiorari, the Supreme Court vacated and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Barton v. United States*, 546 U.S. 802 (2005). The court of appeals then re-affirmed Barton's convictions, but vacated his sentence and remanded to this court for resentencing based on *Booker. United States v. Barton,* 178 F. App'x 291, 293 (4th Cir. 2006) (unpublished).

This court resentenced the defendant by judgment entered August 14, 2006, to a total term of 1,020 months (85 years), consisting of 60 months for Counts One and Two, to run concurrently; 60 months for Count Three to run consecutively; and 300 months each, to run consecutively, for Counts Four, Five, and Six. Relying on *Booker*, I varied downward as to Counts One and Two but was required to impose

the statutory mandatory minimum consecutive sentences for Counts Three, Four, Five, and Six.[1]   *United States v. Barton,* 442 F. Supp. 2d 301 (W.D. Va. 2006) (stating reasons for sentence), *aff'd*, 216 F. App'x 355 (4th Cir.) (unpublished), *cert. denied*, 552 U.S. 835 (2007).

Barton's present motion implicates the stacking of 924(c) convictions.  As the Fourth Circuit has explained:

> The First Step Act abrogated the Supreme Court's interpretation of § 924(c), expressly stating that a subsequent § 924(c) violation must occur "after a prior conviction under [§ 924(c)] has become final" to qualify for the enhanced mandatory minimum. § 403(a), 132 Stat. at 5222.  "Under the First Step Act, in other words, the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020). . . .  However, Congress expressly limited the retroactivity of this provision "to any offense that was committed before the date of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." § 403(b), 132 Stat. at 5222.

*United States v. Bond*, 799 F. App'x 209, 210 (4th Cir. 2020) (unpublished).  Barton filed a post-conviction motion following the enactment of the First Step Act seeking the elimination of his stacked 924(c) sentences, which I denied based on the express non-retroactivity of this provision of the First Step Act.  *United States v. Barton*, 1:02CR00080-001, 2020 WL 2110704, at *2 (W.D. Va. May 4, 2020).

---

[1]   The guideline range for Counts One and Two was 210 to 262 months.  There was no mandatory minimum for those Counts, and I varied downward to 60 months on each Count, to run concurrently with each other.

II.

According to the description of his offense conduct contained in the Presentence Investigation Report ("PSR"), between January 1, 1997, and July 12, 2002, Barton sold thousands of OxyContin pills to numerous addicts in southern West Virginia and southwest Virginia.  He was a major distributor in this region, receiving large amounts of cash.  In addition, he traded firearms for his inventory of OxyContin pills, often obtaining the firearms from addicts who had stolen them.  One addict began obtaining pills from Barton when she 15 years old and continued until she was 17 and stole rifles and shotguns from her father to pay Barton.  PSR ¶ 16, ECF No. 110.

It was estimated that the total weight of the pills distributed by Barton was 1,400,220 milligrams. The pills — ranging in strength from 10 to 160 milligrams — usually were sold by him at one dollar per milligram.  One addict paid Barton $110,000 in a little over a year.  *Id.* at ¶ 20.  One addict testified at trial that he had received $10,000 in an insurance settlement and spent it all with Barton.  *Id.* at ¶ 23.

While in prison, Barton has had numerous inmate disciplinary sanctions, one as recently as 2020, mainly for drug possession.    He is now 58 years old.  His projected release date is December 24, 2075, and he is thus serving an effective life sentence.

III.

I do not find that Barton's obesity, high blood pressure, and high cholesterol are sufficient grounds for his immediate release. The defendant apparently agrees that the Centers for Disease Control and Prevention have not designated high blood pressure and high cholesterol as Covid-19 high-risk factors, although high blood pressure is a factor that "might" create an increased risk. Def.'s Reply. 3, ECF No. 125. After a medical examination on May 19, 2020, the prison physician found that Barton's hypertension was poorly controlled, and he was accordingly prescribed additional medication to remedy that situation. Clinical Encounter, 19, 20, ECF No. 120. He is receiving medication to lower his cholesterol. *Id.*

While Barton is technically obese, the latest notation in his medical records show him to weigh 216.4 pounds (he is five feet nine inches tall) and earlier in 2020 he weighed 210, only a few pounds above the recognized obesity Body Mass Index of 30. Gov't's Resp. 32–33, ECF No. 121. I agree with the government that it would not be appropriate under the circumstances to rely upon this single medical indicator.

Barton's current primary medical problem has been a hernia, which posed a problem because his request for an abdominal binder was refused because he had been caught hiding contraband in his last abdominal binder. *Id.* at 16. I do not find

Barton's existing health conditions to be extraordinary and compelling circumstances under § 3582(c)(1)(A)(i).

On the other hand, as the Fourth Circuit recently held in *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020), the court may consider under § 3582(c)(1)(A)(i) the severity of the defendant's sentence and the extent of the disparity between that sentence and the revision of sentence-stacking under § 924(c).

Barton's crime was egregious, as I stated at his sentencing. His drug dealing came at the early stages of the tragic opioid epidemic that has caused so much destruction, misery, and death in Central Appalachia. See Beth Macy, *Dopesick: Dealers, Doctors, and the Drug Company that Addicted America* (2018); Barry Meier, *Pain Killer: A "Wonder" Drug's Trail of Addiction and Death* (2003). While a lengthy prison sentence was justified for Barton under the 18 U.S.C. § 3553(a) factors, I know of no pill-mill doctors serving life terms, or of any pharmaceutical company executives sentenced to but a few months incarceration.

A court may grant a sentence reduction under § 352(c)(1)(A) that does not result in immediate release. *See, e.g., United States v. Curry,* No. ELH-17-0387, 2021 WL 130000, at *10 (D. Md. Jan. 14, 2021) (reducing sentence from 84 months to 60 months); *United States v. Marks*, No. 03-CR-6033L, 2020 WL 1908911, at *37–38 (W.D.N.Y. Apr. 20, 2020) (reducing sentence from 40 years to 20 years); *United States v. Arey*, 461 F. Supp. 3d 343, 352 (W.D. Va. 2020) (reducing sentence

to eliminate stacked § 924(c) sentences but denying immediate release); *see also United States v. Zullo*, 976 F.3d 228, 237 (2d Cir. 2020) ("It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence.").

I find that the stacking of Barton's 924(c) 25-year sentences, and their resulting disparate severity, is an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). Considering the factors set forth in § 3553(a), to the extent they are applicable, I will reduce Barton's total sentence to 300 months.

IV.

Accordingly, it is **ORDERED** that the sentence of Rick Barton, Sr., also known as Ricky Lee Barton, Sr., is hereby REDUCED to Three Hundred (300) months imprisonment, consisting of 60 months on Counts One and Two, to run concurrently with each other, and 60 months each on Counts Three, Four, Five, and Six, such terms to run consecutive to all other terms. All other provisions of the Amended Judgment entered August 14, 2006, shall remain unchanged, including the term of Five (5) years of supervised release as to each count to run concurrently.

The Clerk shall provide a copy of this Opinion and Order to the Probation Office, which shall provide a copy to the Bureau of Prisons.

ENTER:  January 25, 2021

/s/  JAMES P. JONES

United States District Judge